UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JOSE RIVERA,<br><br>        Petitioner,<br><br>v.<br><br>J. C. HOLLAND, *Warden*,<br><br>        Respondent. | Civil Action No. 14-CV-4-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jose Rivera is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Rivera has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R.1], challenging the federal life sentence which he is currently serving. Rivera has paid the $5.00 filing fee. [R. 7]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Rivera's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Rivera's habeas petition because the claim which he asserts cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY
### 1. Criminal Conviction, Appeal, and § 2255 Proceedings

In November of 1996, Rivera and five co-defendants were indicted by a New York federal grand jury for drug and firearms offenses, violations of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846, and 18 U.S.C. § 924(c)(1), as well as a violation of the Hobbs Act, 18 U.S.C. § 1951.[1] *See United States v. Ryan Cambrelen, et al.*, No. 96-CR-1044 (E.D.N.Y. 1996). Prior to trial, the grand jury returned a superseding indictment and a second superseding indictment against Rivera and his co-defendants. [*Id.*, at Record Nos. 53, 99 therein] The charges arose out of a series of robberies and attempted robberies of money and drugs from New York-area drug dealers by Rivera and his five co-defendants.

Rivera proceeded to trial after rejecting the government's proposed plea agreement, but was subsequently convicted on Counts 1, 2, 3, 7, and 8 of the second superseding indictment. [*Id.*, at R. 208, therein] On November 13, 1998, Rivera was sentenced to a term of 262 months on the drug charges, and a 300-month prison term on the two firearm charges, which was ordered to run consecutively to the drug sentences. Due to Rivera's prior felony conviction, however, his sentence was enhanced to a mandatory life sentence under § 841(b)(1).[2] [*Id.*] Rivera and the five co-defendants appealed, but on March 6, 2001, the Second Circuit Court of Appeals affirmed the conviction and sentences. *United States v. Cambrelen, et al.*, 5 F. App'x 30, 2001 WL 219285 (2d Cir. 2001).

On February 26, 2002, Rivera filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that during both his criminal proceeding and on direct appeal of his conviction, he had been denied ineffective assistance of counsel.

---

[1] Due to the date of this conviction, the Court cannot obtain complete information about Rivera's criminal conviction because it pre-dated the online PACER database. As a result, the Court is reviewing Rivera's current § 2241 petition based on the allegations in his filings and attachments, as well as information obtained from Rivera's subsequent proceedings which can be accessed through PACER.

[2] On the government's motion, the remaining counts of the indictment and superseding indictment were dismissed. *Id.*

*Rivera v. United States*, No. 1:02-CV-1349-RJD (E.D.N.Y. 2002) On June 28, 2004, the district court denied Rivera's § 2255 motion, noting that many of his ineffective assistance of counsel claims had been rejected on direct appeal and could not be re-litigated in a § 2255 proceeding. [R. 10, therein, p. 2] The district court then addressed the merits of Rivera's remaining claims alleging ineffective assistance of both his trial and appellate counsel, finding that for various reasons, his claims lacked merit and did not warrant relief under § 2255. [*Id.*, pp. 3-6, therein] Rivera appealed, but the Second Circuit denied him both pauper status on appeal and a certificate of appealability, concluding that he had not made a substantial showing of the denial of a constitutional right. [R. 15-16, therein; *see also Rivera v. United States*, No. 04-4922 (2d Cir. Mar. 1, 2005)]

In October 2012, Rivera filed a motion seeking post-judgment relief under Fed. R. Civ. P. 60(b). [R. 19 therein; also filed as *Rivera v. United States*, No. 1:12-CV-5748-RJD (E.D.N.Y. 2012) [R. 1, therein] Rivera asked the district court to set aside its June 28, 2004, Order denying his § 2255 motion, again alleging that he had received ineffective assistance of both trial and appellate counsel, and that pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he was entitled to relief from his sentence. [*Id.*]

On December 14, 2012, the district court denied Rivera's motion, finding that *Martinez* did not afford Rivera relief from his sentence under Rule 60(b). *See* R. 20, therein; *see also* No. 1:12-CV-5748-RJD [R. 2, therein]. The district court noted that *Martinez* involved "...the predicament of a state prisoner, seeking relief under 2254, who, in procedurally defaulting on his claim that trial counsel was ineffective, may have been the victim of post-conviction counsel's ineffectiveness (or the lack of representation altogether)."

3

[*Id*, p, 2, therein]   However, the district court distinguished *Martinez* from Rivera's situation by pointing out that no right to counsel exists in *federal* proceedings brought under 28 U.S.C. § 2255, and further observed that after *Martinez*, other courts district courts in Virginia, Pennsylvania, and Minnesota had reached the same conclusion. [*Id*. pp. 3-4 (citations omitted)]

The district court further determined that for another reason, *Martinez* provided no substantive basis for allowing *Rivera* to re-open his § 2255 motion, stating as follows:

> Thus, whereas *Martinez* involved procedural default resulting from a prisoner's failure to have raised a claim in a state's initial-review proceeding, **this Court found that Rivera was "barred" from re-litigating his trial ineffectiveness claim on 2255 because he had previously raised it both on appeal and, initially, in his post-trial motion before Judge Nickerson, who afforded it thorough treatment in his published decision**. *See Cambrelen*, 18 F. Supp.2d at 231-32. **Of note for *Martinez* purposes, in the two venues in which Rivera challenged trial counsel's ineffectiveness he was represented by appointed counsel whose effectiveness he does not challenge.  Finally, after finding Rivera's ineffectiveness allegations "barred" on 2255, this Court proceeded to reject them on the merits. *Rivera*, slip op. at 3.**
>
> In sum, neither the letter nor the spirit of the Supreme Court's holding in *Martinez* provides a basis for reopening Rivera's 2255 proceedings.

*Rivera v. United States*, No. 1:02-CV-1349-RJD [R. 20, pp. 4-5, therein (emphasis added); No. 1:12-CV-5748-RJD [R. 2, pp. 4-5, therein (emphasis added).  The district court further certified that any appeal would not be taken in god faith, and denied Rivera pauper status on appeal.  Rivera did not appeal the district court's Order of December 14, 2012.

## 2.  Prior § 2241 Petitions Filed in this Court

On December 7, 2012, Rivera filed a prior § 224 petition in this Court.  *Rivera v. Holland*, No. 6:12-CV-238-DCR (E.D. Ky. 2012) ("the First § 2241 Petition")  Rivera alleged

4

that his underlying convictions were unconstitutional for various reasons,[3] but he also asserted a specific Sixth Amendment claim, alleging ineffective assistance of trial and appellate counsel, based on the *Martinez* decision.[4]

On July 12, 2013, the Court entered a Memorandum Opinion and Order denying the First § 2241 Petition. [R. 9, therein] The Court held that Rivera should have raised his claims in a § 2255 motion filed in the district court, instead of asserting them in a § 2241 petition. [*Id.*, p. 5, therein] The Memorandum Opinion and Order indicates that Rivera did not establish that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, but the Court did not, however, specifically address Rivera's Sixth Amendment *Martinez* claim.

On September 6, 2013, Rivera filed a second § 2241 petition, asking this Court to address his Sixth Amendment ineffective assistance of counsel claims, based on the *Martinez* decision. *See Rivera v. Holland*, No. 6:13-CV-167-DLB (E.D. Ky. 2013) [Petition, R. 1, therein; *see also* Attachment to Petition, R. 1-1, pp. 3-13, therein] ("the Second § 2241 Petition"). Because Rivera did not pay the $5.00 filing fee in a timely fashion, the Court dismissed the Second § 2241 Petition without prejudice for want of prosecution on October 8, 2013. [R. 5, therein] Rivera then filed pleadings seeking relief from the dismissal of the Second § 2241 Petition. [R. 10, R. 11, therein] The Court did not reinstate the Second § 2241 petition, but instead, on January 7, 2014, instructed the Clerk of the Court to open

---

[3] Rivera asserted that : (1) he was denied a fair trial by the trial court's admission of evidence of other crimes and the denial of his motion for severance; (2) there was no basis for the charged violation of the Hobbs Act; (3) the superseding indictment was defective; (4) the trial court lacked jurisdiction to construct an amended indictment; (5) the court erred by failing to give the jury a Rule 404(b) instruction; (6) the trial court failed to make the requisite inquiry with respect to the prior felony information and erroneously applied an enhanced sentence under 21 U.S.C. § 851(a)(1); (7) the evidence was insufficient to sustain his conviction; (8) Count Four of the indictment deficient and uninformative; (9) Count Five of the indictment was constructively amended; (10) Counts Four and Five of the indictment violated the Double Jeopardy Clause of the U.S. Constitution; (11) the prosecutor engaged in prosecutorial misconduct; and (12) he was denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution.

[4] Notably, Rivera's Rule 60(b) motion, in which he first raised his *Martinez* claim, was still pending in the district court when he filed the First § 2241 Petition in this Court on December 7, 2012.

5

and docket a new § 2241 petition under Rivera's name, resulting in the commencement of this case, *Rivera v. Holland*, 6:14-CV-4-KKC (the third § 2241 petition filed in this Court under Rivera's name). *See* R. 13, filed in 6:13-CV-167-DLB; R. 1 filed in 6:14-CV-4-KKC.

Given that procedural history, the Court will now address Rivera's claim that he should be able to collaterally challenge his convictions and sentence under the savings clause of § 2255--by way of a § 2241 petition--based on the *Martinez* decision.

## DISCUSSION

Rivera is not challenging the execution of his sentence, such as the BOP's computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Rivera challenges the constitutionality of his conviction and resulting sentences. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443

(6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a basic defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Rivera does nothing more than re-hash the same *Martinez* claim which he recently--and unsuccessfully--asserted in his Rule 60(b) motion in the district court. To recap, *Martinez* held that the ineffective assistance of post-conviction counsel can establish "cause" to excuse the procedural default of a *state* defendant's substantial claim of ineffective assistance at trial where *state* procedural law prohibits defendants from raising such claims on direct appeal and instead requires defendants to raise the claims for the first time in post-conviction proceedings. *Martinez*, 132 S.Ct. at 1318–19. On December 14, 2012, the district court discussed and fully examined Rivera's *Martinez* claim, and determined that for two reasons, *Martinez* did not assist Rivera in his effort to collaterally challenge his convictions and sentence under Rule 60(b).

First, the district court explained that in *Martinez*, the Supreme Court held that the inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a *state* prisoner's procedural default of a claim of ineffective assistance at trial, citing *Martinez*, 132 S.Ct. at 1315, but that applied to Rivera, there is no right to counsel in post-judgment, initial-review proceedings filed in *federal* court under 28 U.S.C. § 2255. Second, the district court explained that *Martinez* was intended to assist state prisoners who were procedurally barred from asserting ineffective assistance of counsel claims, but that by contrast, Rivera had in fact previously asserted his various ineffective assistance of

7

counsel claims, not once but twice; first on direct appeal of his conviction and sentence, and again in his § 2255 motion filed in the district court. Both times, Rivera's ineffective assistance of counsel claims were rejected as lacking in merit.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or, as in Rivera's case, where he asserted a certain claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Here, the district court recently entertained the merits of Rivera's *Martinez* claim and determined that *Martinez* did not support Rivera either procedurally or substantively, noting that because Rivera had twice before unsuccessfully asserted his ineffective assistance of counsel claims, he did not fall within the class of prisoners whom *Martinez* was intended to protect. *See*, *e.g.*, *Flenoid v. Lockett*, No. 2:12-CV-200, 2013 WL 190049, at*2 (S. D. Ind. May 7, 2013) (rejecting federal prisoner's § 2241 claims based on *Martinez*, noting that "…no court has found that Flenoid procedurally defaulted on any of his claims in his § 2255 motion.") Having lost on his *Martinez* claim in the district court, Rivera is now seeking a second bite at the same apple under § 2241. As explained, however, § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Rivera has thus not demonstrated that as to his *Martinez* claim, his remedy in the district court was inadequate or ineffective to challenge his federal detention.

Further, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-

interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Rivera asserts that *Martinez* is a new rule of law which applies retroactively and affords him relief from his conviction and various sentences. [R. 1, pp. 10-12] But even assuming that *Martinez* applies retroactively to cases on collateral review, the case is factually inapposite. First and foremost, *Martinez* does not establish that the Rivera's conduct, which resulted in his underlying drug and firearm convictions, is no longer illegal; *Martinez* instead involves a procedural issue. Second, by its express terms, *Martinez* deals with *state* prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred from later asserting such claims in federal habeas proceedings.[5] By contrast, Rivera is not, and never has been, a *state* prisoner who was precluded from asserting ineffective of assistance claims in any type of *state* initial review proceeding. Rivera was convicted of numerous *federal* offenses, and he filed both a direct appeal and a § 2255 motion in *federal* court asserting various Sixth Amendment ineffective assistance of counsel claims, all of which claims were addressed on the merits but were rejected.

Recently, other courts have emphasized this distinction in rejecting *Martinez* claims asserted by federal prisoners in § 2241 proceedings. *See, e.g., Jackman v. Shartle*, 535 F.

---

[5] *Martinez* did not, however, recognize or create an automatic constitutional right to counsel in collateral proceedings or authorize federal courts to intervene in collateral proceedings taking place in state court, but only created a limited method for petitioners in federal habeas cases to prove cause for excusing their **state court procedural default** of certain ineffective assistance of counsel claims. *See Martinez*, 132 S.Ct. at 1319 (emphasis added)

9

Appx 87, 89, n.5 (3rd Cir. 2013) (…*Martinez* [deals] with state prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred. [*Martinez* does] not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims. Section 2241 does not provide a vehicle by which Jackman can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'"); *Garcon v. Cruz*, No. 6:14-CV-72, 2014 WL 819467, at *5 (D.S.C. Feb. 28, 2014) (holding that *Martinez* aids state prisoners and is "inapplicable to federal convictions."); *McKelvey v. United States*, No. 6:00-CR-00380-GRA1, 2013 WL 2635886, at *2 (D.S.C. June 12, 2013) (rejecting § 2255 motion based on *Martinez*, because the petitioner was in federal custody rather than in state custody "…like the petitioner in *Martinez*," and because the prisoner "…is not seeking habeas relief from the outcome of a state court initial-review collateral proceeding.")

This Court agrees with the district court's assessment of December 14, 2012, in which it aptly concluded that "… neither the letter nor the spirit of the Supreme Court's holding in *Martinez* provides a basis for reopening Rivera's 2255 proceedings." *Rivera v. United States*, No. 1:02-CV-1349-RJD [R. 20, pp. 4-5, therein]; *Rivera v. United States*, No. 1:12-CV-5748-RJD [R. 2, pp. 4-5, therein]. Rivera has not established that based on *Martinez*, his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a viable claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Rivera's § 2241 petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Jose Rivera's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 19, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY